Andrew E. Smyth (SBN 60030)
Stephen S. Smyth (SBN 248433)
William J. Smyth (SBN 265374)
SW SMYTH LLP
4929 Wilshire Blvd, Suite 690
Los Angeles, CA 90010
T: (323) 933-8401
F: (323) 933-6089
office@smythlo.com

Attorneys for Debtor
Rodolfo Elias Morales-Bolanos

**FILED & ENTERED**

**AUG 10 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum      **DEPUTY CLERK**

**CHANGES MADE BY COURT**

<u>NOT FOR PUBLICATION</u>

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | No.: 2:16-bk-14297-RK |
| RODOLFO ELIAS MORALES-BOLANOS, | Chapter 7 |
| Debtor. | **ORDER <u>DENYING WITHOUT PREJUDICE</u> DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY** |
| | [No Hearing Required] |

    Pending before the court is the motion to sell the real property located at 12702 Lambert Road, Whittier, California 90602 ("Property") pursuant to Local Bankruptcy Rule 9013-1(o) ("Motion") filed by William J. Smyth of SW SMYTH LLP on behalf of Debtor Rodolfo Elias Morales-Bolanos ("Debtor").  ECF 24, filed on July 20, 2016.  No opposition to the Motion was filed.

Having reviewed and considered the moving papers, the court rules and denies the Motion without prejudice for the following reasons.

In his Motion, Debtor admits that the Property is property of the estate. However, Debtor contends that "on June 27, 2016, Chapter 7 Trustee Rosendo Gonzalez filed a report of no distribution and abandoned the assets of the estate. This abandonment caused the property of the estate, including the Subject Property, to revest in Debtor. Thus, Debtor has authority to sell the Subject Property and this motion should be granted by the Court." Motion at 4. Debtor is correct that the Chapter 7 Trustee filed a Report of No Distribution on June 27, 2016. However, the Chapter 7 Trustee's Report of No Distribution did not have the effect of abandoning the Property as argued by Debtor in his Motion. *In re Reed,* 940 F.2d 1317, 1321 (9th Cir. 1991)("Although filing a 'No Asset' report may exhibit the requisite intent to abandon an asset, that report in and of itself cannot result in abandonment unless the court closes the case."), *citing inter alia,* 11 U.S.C. § 554 (identifying three ways in which a trustee can abandon property, all of which require court action).

"Property originally included in the bankruptcy estate may be abandoned as provided in the Code and thus excluded from the estate." 2 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy*, ¶ 6:415 at 6-39 (2015), *citing* 11 U.S.C. §§ 554(a) and (b). "Upon abandonment, [as noted by Debtor in his Motion,] the property reverts to the party holding a possessory interest therein (e.g., the debtor or a creditor) and is treated as if no bankruptcy petition was filed. I.e., the property interest is restored nunc pro tunc as of the filing of the bankruptcy petition." *Id.*, ¶ 6:416 at 6-39 - 6-40, *citing*, *inter alia*, *Catalano v. Commissioner,* 279 F.3d 682, 685 (9th Cir. 2002).

Pursuant to 11 U.S.C. § 554(a), "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." Federal Rule of Bankruptcy Procedure 6007(a) further requires that, unless otherwise directed by the court, the Chapter 7 Trustee shall give notice of a proposed abandonment or disposition of property to the United States trustee and all creditors. Local Bankruptcy Rule 6007-1(a) permits a trustee "who desires to abandon property of the estate . . .

to do so by a notice of intent to abandon, without the necessity for filing a motion to abandon." Local Bankruptcy Rule 6007-1(c)(1) requires that the notice of intent to abandon (a) describe the property to be abandoned, including the address of the property if applicable; (b) state the basis upon which the party seeking abandonment concludes that the property is burdensome to the estate or that it is of inconsequential value or benefit to the estate; and (c) state that an objection and request for hearing must be filed and served not more than 14 days after service of the notice, unless the notice specifies a longer period or unless otherwise ordered by the court. The notice of intent to abandon must also be served on those listed in Federal Rule of Bankruptcy Procedure 6007(a). Local Bankruptcy Rule 6007-1(c)(2). "If no timely objection and request for hearing is filed and served, the property is deemed abandoned without further order of the court." Local Bankruptcy Rule 6007-1(d)(1). However, "if an entity desires an order of the court authorizing or directing, and confirming, the case trustee's . . . abandonment of the property, that entity may lodged a proposed form of order with the court in accordance with the procedure set forth in LBR 9013-1(o)." Local Bankruptcy Rule 6007-1(d)(2). Here, the Chapter 7 Trustee did not file a motion to abandon the Property or notice of intent to abandon the Property, and serve the motion to abandon or notice of intent to abandon pursuant to Federal Rule of Bankruptcy Procedure 6007(a).

Additionally, the Property may be abandoned on motion by an interested party pursuant to 11 U.S.C. § 554(b), Federal Rule of Bankruptcy Procedure 6007(b) and Local Bankruptcy Rule 6007-1(b). Although Debtor requests in the conclusion of his Motion to sell that the court alternatively grant a "declaratory judgment confirming that (1) the Chapter 7 Trustee abandoned the property of the estate and (2) these assets, including the Subject Property, revest in the Debtor upon abandonment," Motion at 4, Debtor has not brought a formal motion pursuant to 11 U.S.C. § 554(b), Federal Rule of Bankruptcy Procedure 6007(b) and Local Bankruptcy Rule 6007-1(b) seeking such relief. Furthermore, the court notes that scheduled property not otherwise administered at the time of the closing of the case is abandoned to the debtor pursuant to 11 U.S.C. § 554(c). However, as of this date, Debtor's Chapter 7 bankruptcy case has not been closed and, therefore, the Property has not been abandoned to Debtor pursuant to 11 U.S.C.

§ 554(c) and remains property of the bankruptcy estate. *In re Reed,* 940 F.2d at 1321. The Property as an asset of the bankruptcy estate may only be sold by the Chapter 7 Trustee. 11 U.S.C. §§ 363(b)(1), 541(a)(1) and 704(a)(1) and (2).

It appears that Debtor has available three courses of action for abandonment of the Property to him: (1) he could persuade the Trustee to file a notice of intent to abandon the asset pursuant to 11 U.S.C. § 554(a) in accordance with the procedures of Federal Rule of Bankruptcy Procedure 6007(a) and Local Bankruptcy Rule 6007-1(a); (2) he could file his own motion to compel the Trustee to abandon the asset pursuant to 11 U.S.C. § 554(b) in accordance with Federal Rule of Bankruptcy Procedure 6007(b) and Local Bankruptcy Rule 6007-1(b); or (3) he could wait for the court to close the bankruptcy case, which would effect an abandonment of scheduled but unadministered property, including the Property, by operation of law to the debtor pursuant to 11 U.S.C. § 554(c), but it seems at this time that the pendency of this Motion on the active case docket is an impediment for the court to close this case. *See also, In re Reed,* 940 F.2d at 1321, *citing inter alia,* 11 U.S.C. § 554. However, Debtor's request for alternative relief to have the court enter a declaratory relief order confirming that the Trustee has abandoned the property as an asset of the bankruptcy estate and that the property revests in Debtor is not a proper option because such relief is not authorized under the statutory scheme of 11 U.S.C. § 554 and the regulations promulgated thereunder in Federal Rule of Bankruptcy Procedure 6007 and Local Bankruptcy Rule 6007-1 as discussed herein. *In re Reed, supra.*

Accordingly, based on the foregoing that the Property is not abandoned to Debtor and that Debtor lacks standing to sell the Property at this time, IT IS HEREBY ORDERED that Debtor's Motion to sell the Property is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: August 10, 2016

_____
Robert Kwan
United States Bankruptcy Judge